Mr. Justice Johnson
delivered the opinion of the Court.
There can be no doubt about the correctness of the principle, on which, the plaintiff resisted the admissibility of the evidence offered on the part of the defendant. All the authorities support the position, that parol evidence is not admissible to contradict a deed ; and this court has so ruled in numberless instances. But it certainly is not applicable to ■ the present case. The declaration, it will be recollected, is in assumpsit, and not covenant on the bill of sale ; and the breach assigned is, that the defendant did not deliver the negro according to the terms of the contract set forth. Now the bill of sale contains no covenant for the delivery, but on the contrary, supposes a previous or at least, a cotemporaneous delivery. “ I have bargained, sold, and delivered, and by these presents do bargain, sell, and deliver, &c.” are the terms of the deed. The proof of the plaintiff’s case, therefore, did not arise out of the deed, but must be adduced aliunde ; and I confess I am unable to discover, from the report of the eases any evidence going to establish the contract set out by the plaintiff. If it arises out of the deed, as has been’insisted, the answer is, that he ought to have brought covenant on the bill of sale, for he cannot maintain assumpsit when he may have an action of covenant. (1 Const. Rep. 265, 329. 1 Johnson's Rep. 413, 503. 2 Term Rep. 100). And the deed itself was improper evidence ; and if aliunde, it must have been by parol, and surely parol may be admitted to Contradict it. The error appears to me to have originated in permitting the biil of sale to be given in evidence to *22 prove the gist of the action of assumpsit, although it may ' be. admissible to prove a collateral fact: and it can be no objection to legal evidence, that illegal evidence had be» fere been admitted.
Prioleau for the motion,
J)e Saussure, contra.
It is said, however, that this objection ought not now to avail the defendant, because it was not made in the Court below. The answer is, that in any view of it, the plaintiff has not made out the case stated in the declaration.— Admit that the bill of sale was admissible, that, as I belore' remarked, contains no covenant for a delivery; the not doing of which is the breach assigned. And in the absence of this, there is no proof of such a contract.
The motion ought, I think, therefore, to be granted.
Justices Arott, Gantt, Huger, and Richardson, concurred,.